IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MARIO DURAN MARTINEZ | § | |
| | § | |
| V. | § | A-10-CA-404-LY |
| | § | [1:08-CR-337(9)-LY] |
| UNITED STATES OF AMERICA | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court are Petitioner Mario Duran Martinez's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255 (Clerk's Doc. No. 1078); Memorandum in Support (Clerk's Doc. No. 1079); the Government's Response to Movant's Motion to Vacate, Set Aside or Correct Sentence (Clerk's Doc. No. 1107); and Petitioner's Reply to Response (Clerk's Doc. No. 1109). The undersigned submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges, as amended.

**I.     GENERAL BACKGROUND**

On May 22, 2009, the Government filed a one-count criminal information against Petitioner Mario Duran Martinez, charging him with possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C). On May 27, 2009, Martinez pled guilty pursuant to a plea agreement. On July 17, 2009, the District Court sentenced him to 70 months in prison, 3 years of supervised release, and a $100 fine. Martinez did not file a direct appeal, but on June 3,

2010, he filed the instant motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

In his § 2255 motion, Martinez alleges that his counsel provided ineffective assistance by failing to argue that (1) he was a minimal participant and (2) he should have received a downward departure as a deportable alien. He further alleges that serving his sentence in an immigration detention center prevents him from participating in Bureau of Prison (BOP) programs.

## II.   STANDARD OF REVIEW

### A.   Standard of Review for § 2255 Motions

Under § 2255, four general grounds exist upon which a defendant may move to vacate, set aside, or correct his sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the district court was without jurisdiction to impose the sentence; (3) the sentence imposed was in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. The nature of a collateral challenge under § 2255 is extremely limited: "A defendant can challenge his conviction after it is presumed final only on issues of constitutional or jurisdictional magnitude . . . and may not raise an issue for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). If the error is not of constitutional or jurisdictional magnitude, the movant must show that the error could not have been raised on direct appeal and would, if condoned, "result in a complete miscarriage of justice." *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994). However, a defendant's claim of ineffective assistance of counsel does give rise to a constitutional issue and is cognizable pursuant to § 2255. *United States v. Walker*, 68 F.3d 931, 934 (5th Cir. 1996).

### B. Standard of Review for Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, a petitioner must show that his counsel's performance was deficient and that the deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Counsel's performance is deficient if it falls below an objective standard of reasonableness. *Id.* A court's review of counsel's performance must be highly deferential, with a strong presumption that the performance was reasonable. *Id.* at 689; *Little v. Johnson*, 162 F.3d 855, 860 (5th Cir. 1998). A court will not find ineffective assistance of counsel merely because it disagrees with counsel's trial strategy. *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999). Moreover, "[a] fair assessment of attorney performance requires every effort to be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689.

To demonstrate the prejudice prong, a petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane*, 178 F.3d at 312. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. "However, the mere possibility of a different outcome is not sufficient to prevail on the prejudice prong. Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Crane*, 178 F.3d at 312–313 (quoting *Ransom v. Johnson*, 126 F.3d 716, 721 (5th Cir. 1997)). This same two-part standard applies to ineffective assistance of counsel claims arising out of the plea process. *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). Therefore, the movant has the burden of proof and of persuasion to establish that a reasonable probability exists that but for his counsel's ineffectiveness, he "would not have pleaded guilty and would have insisted on going to trial." *Czere v. Butler*, 833 F.2d 59, 63 (5th Cir. 1987) (quoting *Uresti v. Lynaugh*, 821 F.2d 1099, 1101 (5th Cir. 1987)).

### III. DISCUSSION

#### A. Failing to Argue Minimal Participation

Martinez alleges that his attorney should have argued for a minimal participant downward adjustment. Under the Sentencing Guidelines, minimal participants receive a four-point reduction, U.S.S.G. § 3B1.2(a), and minor participants receive a two-point reduction, U.S.S.G. § 3B1.2(b). In the factual basis in Martinez's plea agreement, it states that the relevant conduct for Martinez was 23 pounds of marijuana and 91 grams of methamphetamine. Plea Agreement § 4. This disputes Martinez's contention that he was a minimal participant. To be a minimal participant, the Fifth Circuit requires a defendant to be substantially less culpable than the average participant: "It is not enough that a defendant does less than other participants; . . . [he] must have been peripheral to the advancement of the illicit activity." *United States v. Villanueva*, 408 F.3d 193, 204 (5th Cir. 2005).

Further, his attorney argued for a minimal-participant reduction. Affidavit of Brandy Mueller; Transcript of Sentencing ("I would like to point out that our position is that the defendant in this case . . . has a really peripheral involvement to a large degree . . . ."). As his counsel argued for a downward departure—and the facts dispute his eligibility for a departure—he cannot demonstrate that his attorney provided ineffective assistance of counsel.

#### B. Failing to Argue Deportable Alien Status

Martinez alleges that his attorney should have argued for a downward departure based on Martinez's deportable alien status. Aliens may be treated differently from citizens for punishment purposes. *See United States v. Salas-Rodriguez,* 45 Fed. App'x 319 (5th Cir. 2002) (per curium) (unpublished) (rejecting the petitioner's equal protection claim because aliens are not similarly situated to citizens). If the difference in treatment has a rational basis, the court should uphold it. *Matthews v. Diaz*, 426 U.S. 67, 78–83 (1976). Martinez's status as an illegal alien did not affect his

sentence. *See* Martinez's Presentence Report (refraining from considering Martinez's deportable status in calculating his base offense level). If courts considered deportation punishment and reduced illegal aliens' sentences accordingly, the alien would receive a shorter sentence than a U.S. citizen. *See United States v. Nnanna*, 7 F.3d 420, 422 (5th Cir. 1993) (per curium) (holding that "[c]ollateral consequences, such as the likelihood of deportation or ineligibility for more lenient conditions of imprisonment, that an alien may incur following a federal conviction are not a basis for downward departure"); *see also United States v. Guzman*, 236 F.3d 830, 834 (7th Cir. 2000) (citing circuits agreeing with this position). Counsel does not provide ineffective assistance by failing to make an argument that lacks merit. *See Johnson v. Cockrell*, 306 F.3d 249, 255 (5th Cir. 2002). Because Martinez's likelihood of deportation is not a ground for a downward departure, his attorney did not provide ineffective assistance of counsel by not raising the argument.

**C.     Bureau of Prisons Failing to Provide Martinez with Programs**

Martinez claims that he is incarcerated in an immigration deportation center, which has "harsh conditions" and prevents him from participating in BOP programs. He also mentions that his incarceration is particularly harsh because he is handicapped.

Martinez's argument—that a deportable alien serves his sentence under circumstances more severe than those faced by U.S. citizens—concerns the execution of a sentence. Therefore, it is proper only under 28 U.S.C. § 2241. *Carvajal v. Tombone*, 31 Fed. App'x 155, at *1 (5th Cir. 2001) (unpublished) (citing *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992)). For a district court to construe such a claim as a § 2255 motion is reversible error. See *Carvajal* at *1. Motions under 28 U.S.C. § 2241 usually must be brought in the place of Petitioner's confinement, which in this case is the CCA/Eden Detention Center in Eden, Texas. Eden, Texas is located in the Northern District of Texas, San Angelo Division. Therefore, the Court lacks statutory jurisdiction to hear the claim.

## IV.     RECOMMENDATION

For the reasons set forth above, the Court **RECOMMENDS** that Movant Mario Duran Martinez's Motion to Vacate, Set Aside, or Correct his Sentence, pursuant to 28 U.S.C. § 2255 (Clerk's Doc. No. 1078) be **DENIED**.

## V.     CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a proceeding under section 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c) (1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2255 Proceedings, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a movant's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the denial of the movant's section 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to

deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, a certificate of appealability should not be issued.

## VI.   WARNING

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. U. S. Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 15th day of December, 2010.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE